IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 C 2780 |
| ) | Judge Ronald A. Guzmán |
| ) | |
| KLINT KELLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

## STATEMENT

**Background**

Between approximately March 23, 2017 and September 3, 2017, Defendant, who was not a licensed firearms dealer, made multiple trips from Arkansas to Illinois to sell 21 firearms to an individual ("Individual A") in exchange for $14,750.00. (*United States v. Kelley*, No. 17 CR 581, PSR, Dkt. # 55, ¶ 14.) Defendant knew that Individual A was a convicted felon. (*Id*.) Some of the firearms were semi-automatic weapons capable of accepting large-capacity magazines. (*Id*.) Of the 21 firearms, at least three were stolen, and one was stolen during a burglary of a police officer's residence. (*Id*. ¶ 15.) On March 7, 2018, Defendant pleaded guilty to Counts One and Three of the superseding indictment, which charged him with illegally dealing firearms, in violation of 18 U.S.C. § 922(a)(1)(A), and knowingly selling a firearm to a felon, in violation of 18 U.S.C. § 922(d). (*Id*., Plea Agreement, Dkt. # 46.) On July 18, 2018, the Court sentenced Defendant to 60 months' imprisonment on Count One and 78 months' imprisonment on Count Three, to run concurrently, and two years of supervised release. Although Defendant filed a timely notice of appeal, the Seventh Circuit granted his motion to voluntarily dismiss his appeal on February 4, 2019.

On July 19, 2019, Defendant sent a letter to the Court requesting an extension of time to file his § 2255 motion. (*Id*., Dkt. # 73.) On October 23, 2019, the Court entered an order denying Defendant's request for an extension to file his § 2255 motion. (*Id*., Dkt. # 74.) In the order, the Court noted that Defendant's judgment did not become final until May 6, 2019 (90 days after the Seventh Circuit dismissed Defendant's appeal) and that he had until May 6, 2020 to file his § 2255

motion. On April 15, 2021, Defendant filed a motion for compassionate release from prison, which the Court denied on June 23, 2021. (*Id*., Dkt. # 84.)

On May 5, 2022, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Upon Defendant's request, the Court granted Defendant leave to file a memorandum and exhibits in support of his § 2255 motion. (6/1/22 Order, Dkt. # 4.) Defendant filed a memorandum of law on August 16, 2022, contending primarily that his guilty plea to the charge under 18 U.S.C. § 922(d), knowingly selling a firearm to a felon, was constitutionally invalid in light of *Rehaif v. United States*, --- U.S. ---, 204 L. Ed. 2d 594, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court "changed the governing law by holding . . . that the government must also prove [under § 922(g)(1)] that the defendant 'knew he belonged to the relevant category of persons [i.e., felons] barred from possessing a firearm.'" *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022) (citation omitted). Here, Defendant was charged with a violation of § 922(d), which makes it a crime to knowingly sell a firearm to a felon, rather than possess a firearm as a felon, as is prohibited under 922(g)(1). According to Defendant, under *Rehaif*, the government was required to show that Defendant knew Individual A was a felon and because Defendant did not know that fact, he is actually innocent of the § 922(d) conviction.

**Analysis**

Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Section 2255 provides "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

The government moves to dismiss Defendant's petition on the ground that it is untimely. Under § 2255(f), the limitations period for the filing of a § 2255 petition is one year from the latest of four dates.[1] Under § 2255(f)(1), the limitations period expires one year from the date on which the judgment of conviction becomes final, which was May 6, 2020--one year and 90 days after the Seventh Circuit dismissed Defendant's appeal. Defendant's petition is therefore untimely under § 2255(f)(1). Alternatively, under § 2255(f)(3), the limitations period expires one year from "the date on which the right asserted [by the defendant] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, Defendant's reliance on the Supreme Court's ruling in *Rehaif,* which was issued on June 21, 2019, means that Defendant needed to file his § 2255 petition on or before June 21, 2020. As noted above, Defendant filed his § 2255 petition on May 5, 2022, almost two years past the deadline under § 2255(f)(3). Thus, Defendant's petition is also untimely under § 2255(f)(3), unless equitable tolling applies. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (the statute of limitations under § 2255 is subject to equitable tolling).

---

[1] Only two of the four limitations periods, those under § 2255(f)(1) and (3), could be applicable here.

2

"Equitable tolling is 'rare' and 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 339-40 (quoting *Holland*, 560 U.S. at 649). Defendant argues that the limitations period should be equitably tolled and his petition deemed timely because he had no access to legal resources from April 2020 to January 2022 due to lockdown restrictions caused by COVID-19.

As an initial matter, Defendant provides no evidentiary support for his assertion that he had zero access to any legal resources from April 2020 to January 2022 or that he was acting diligently during that period to pursue his rights. *See Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) ("Given the lack of any specific evidence as to particular hurdles Mayberry encountered in timely pursuing his claim, it was not an abuse of the district court's discretion to conclude that Mayberry's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling."). Indeed, the record belies this assertion given that Defendant filed a motion for compassionate release on April 15, 2021, which contains a comprehensive discussion of the First Step Act with multiple citations to authority and no mention of a lack of access to legal materials due to the COVID-19 lockdown.

Moreover, *Rehaif* was issued in June 2019, over eight months before any COVID-19 restrictions were instituted by the Bureau of Prisons ("BOP") on or about March 13, 2020.[2] Defendant fails to point any affidavit or other evidence supporting his assertion that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of his filing a § 2255 petition prior to March 2020. Even assuming Defendant had pursued his rights and was prevented by the COVID lockdown from filing his petition from March 2020 until January 2022, he does not explain why he then waited until May 11, 2022 to file the motion. Assuming he had one year (365 days) from the issuance of *Rehaif* to file his § 2255 petition, 266 days elapsed from the *Rehaif* decision to the beginning of lockdown on March 13, 2020, not including March 13. Further assuming arguendo that the lockdown constituted a basis upon which the limitations period was properly equitably tolled, Defendant would have had 99 days left to file after lockdown restrictions were lifted. Again, Defendant provides no affidavit or evidence supporting the exact dates, but if he regained access to the law library or legal resources in January 2022, as he contends, 99 days after January 1, 2022 was April 11, 2022.[3] But his petition is not dated until May 11, 2022, one month later. Defendant has failed to demonstrate that the COVID-19 lockdown and purported inaccessibility to legal resources provides a basis on which to equitably toll the limitations period.[4]

---

[2] The Court notes that the BOP's COVID-19 Action Plan, which is dated March 13, 2020, states that "[e]ffective immediately, [certain] national measures are being deployed by the BOP in order to mitigate the spread of COVID-19 . . . ." https://www.bop.gov/resources/news/20200313_covid-19.jsp (last visited February 22, 2023). These measures included suspending social visits, implementing social distancing and staggered mealtimes, and limiting gatherings.

[3] Ninety-nine days from January 1, 2022 is April 10, 2022, which was a Sunday.

[4] Defendant makes another contention that appears to relate to equitable tolling. Specifically, Defendant points to *United States v. Seabrooks*, 32 F.4th 1375, 1383 (11th Cir. 2022), in which

3

Even assuming Defendant's petition were timely, he is not entitled to relief. Unlike § 922(g)(1), which was addressed in *Rehaif,* § 922(d), the subsection under which Defendant was convicted, expressly prohibits an individual from selling any firearm to any person while "knowing or having reasonable cause to believe that such person . . . *has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year*." 18 U.S.C. § 922(d)(1) (emphasis added). Thus, the "*Rehaif* decision applied the 'presumption in favor of scienter' (that is, a presumption of intent or knowledge of wrongdoing) to read into § 922(g) a requirement that the defendant know his status as a member of a class of persons prohibited from having a firearm, but that has no bearing on § 922(d), which contains an express *mens rea* element." *United States v. Scarfo*, 41 F.4th 136, 195 (3d Cir. 2022) (citations omitted). *Rehaif*, therefore, has no effect on Defendant's conviction under § 922(d).[5]

Defendant contends that he is actually innocent and "swears . . . that he was not aware [Individual A] was a felon prior to the sale." (Dkt. # 15, at 1-2.) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Assuming that *Rehaif* had an effect on Defendant's § 922(d) conviction, "this Court has never explicitly held that [actual innocence] can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted [of] no longer criminal." *Lund v. United States*, 913 F.3d 665, 667-68 (7th Cir. 2019). As the *Lund* court explained,

> the actual innocence exception is merely a gateway through which a court can consider a petitioner's otherwise barred claims on their merits. Framing the exception as a gateway presupposes that a petitioner will have underlying claims separate from the claim that he is actually innocent. "The Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence." Moreover, "[t]he point of the exception is to ensure that 'federal constitutional errors do not result in the

---

the Eleventh Circuit concluded that "*Rehaif* announced a new rule of substantive law that applies retroactively to Seabrooks's initial § 2255 motion." Defendant contends that he would have brought a § 2241 petition in the district court where he is incarcerated (FCI Thompson, which is located in the Eleventh Circuit) because a second or successive application before the Seventh Circuit would have been procedurally barred, but he did not know that he could bring the § 2241 petition until the May 2022 decision in *Seabrooks*. The argument is unavailing. Not only is a second or successive petition not at issue here, but *Seabrooks* addressed *Rehaif*'s application to a § 922(g) conviction, not one under § 922(d).

[5] In addition to challenging his conviction, Defendant also asserts that *Rehaif* renders his "complaint, arrest, [and] indictment . . . for [a] violation of statute 922 unconstitutional . . . ." (Def.'s Mem. Law, Dkt. # 7, at 11.) Setting aside the Court's determination that *Rehaif* is inapplicable to the § 922 charge against Defendant, "[w]hen a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea[.]" *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011).

> incarceration of innocent persons.'" This suggests that the underlying claim must be a constitutional claim, rather than a statutory claim . . . .

*Id*. (internal citations omitted). The *Lund* court concluded that "it is 'doubtful' that Lund's [statutory] claim could be both his argument for actual innocence and his claim for relief," because allowing the assertion of actual innocence to do "double duty," *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018), would mean that "[e]very time there is a retroactive interpretation of a criminal law, petitioners convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely." *Lund*, 913 F.3d at 668. The question, then, of whether Defendant can use actual innocence to circumvent the statute of limitations hurdle is unresolved but appears unlikely. Nor, as was noted, is there currently a standalone claim for actual innocence in non-capital cases under § 2255, *Perrone*, 889 F.3d at 903 (noting that "the Court's habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits") (citations and certain quotation marks omitted).

Even assuming that actual innocence is available to Defendant, his claim would fail. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Defendant's written signed plea agreement included an admission that at the time he sold the firearms to Individual A, he knew Individual A was a convicted felon. (*United States v. Kelley*, No. 17 CR 581, Dkt. # 46, at 6.) At the change-of-plea hearing, the government set forth the factual basis for the plea, stating that "the defendant sold those firearms to Individual A knowing and having reasonable cause to believe that Individual A ha[d] been convicted of a crime punishable by a term of imprisonment for a term exceeding one year." (*Id*., Dkt. # 69, at 17.) The government further stated that "at the time the defendant sold firearms to Individual A, the government will show that the defendant knew Individual A was a convicted felon." (*Id*.) After the government finished its recitation of the facts, the Court asked Defendant, "Sir, did you hear the facts just stated by the Assistant United States Attorney?" (*Id*. at 18.) Defendant responded "Yes," and when the Court asked Defendant, "Are these facts true," Defendant responded, "Yes, sir." The Court further inquired, "Did you actually do all those things?" and Defendant responded, "Yes, sir." (*Id*. at 19.) At Defendant's sentencing, his lawyer addressed the Court and stated that "the substantive counts require [Defendant] to . . . have knowledge that the person he sold guns to ha[ve] a criminal conviction, a felony conviction." (*Id*., Dkt. # 70, at 3.) In addition, the Court stated that Defendant "knew exactly what was going to happen with those guns. He was selling them to a convicted felon who didn't have a right to possess a gun. He knew it was a criminal act." (*Id*. at 26.) Defendant made no effort to contradict or dispute these statements.

"Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). Defendant is bound by his responses to the Court admitting that he knew that Individual A was a felon. *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (A "defendant is normally bound by the representations he makes to a court during the [plea] colloquy."). Defendant's knowledge of Individual A's status as a felon was acknowledged at numerous times in front of and by Defendant. His contention that he now wants to withdraw his guilty plea because he was not informed of the "status" requirement under § 922(d) and the Court

5

failed to establish the factual basis for the plea is unavailing. As set forth above, Defendant was informed of the elements of 922(d), including that he knew the purchaser of the guns was a felon, and the Court fully established the factual basis for Defendant's guilty plea.

**Conclusion**

For these reasons, Defendant's motion for relief under 28 U.S.C. § 2255 [1] is denied. "Where the court denies a § 2255 motion on procedural grounds without reaching an underlying constitutional claim, 'a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Reeves*, No. 14 C 1588, 2022 WL 17832713, at *10 (N.D. Ill. Dec. 21, 2022) (citation omitted). "'If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue. . . .'" *Id*. (citation omitted). Because the Court concludes that there is no substantial argument that it erred in resolving the non-constitutional question at issue, the Court declines to issue a certificate of appealability. Rule 11(a) of the Rules for Section 2255 Proceedings provides that a party "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

**Date**: March 15, 2023

**Ronald A. Guzmán**
**United States District Judge**